STATE, EX REL., ETC., *v.* VICKSBURG BANK.

1. CONSTITUTIONAL LAW. *Taxation. Assessment. Banks. Code* 1880, § 498.

Section 498, code 1880, requiring taxes to be assessed on the entire authorized capital of a bank whose president or cashier fails to render to the assessor the statement therein required, cannot operate to dispense with an assessment of such capital and the listing of it on the assessment-roll, since these are constitutional prerequisites to such taxation. *State* v. *Thibodeaux, ante,* p. 92.

2. REVENUE AGENT. *Suit for taxes. Necessity of assessment.*

And the state revenue agent cannot recover as taxes delinquent or revenue due the state, the tax which ought to have been assessed to such bank.

FROM the circuit court of Warren county.
HON. J. D. GILLAND, Judge.

This suit was instituted by Wirt Adams, state revenue agent, to recover from the Vicksburg Bank state, county and city taxes upon the capital stock of said bank for the years 1884 to 1889, inclusive. In the first count of the declaration it is alleged that during said years the capital stock of the said bank wholly escaped taxation, by reason of the failure of the officers of the bank to render a statement to the as-

sessor of the amount and value of such capital stock, and the failure of the assessor of said county and of said city to place such capital stock upon the assessment-rolls of the county and city respectively.

The second count demands the taxes for said years upon the entire authorized capital of the bank, claiming that the bank is liable therefor under § 498, code of 1880, which is as follows:

" The president and cashier of any bank in this state, or other joint-stock company the capital stock of which is taxable, shall, on or before the first day of June in every year, deliver to the assessor of the county in which said bank or company is located, a written statement, under oath, of the capital stock paid in, and its market value, except such as is not liable to be taxed; and on failure to furnish such statement, the tax shall be assessed on the whole capital authorized by the charter."

In neither count of the declaration is it alleged that there has ever been any assessment, either of the market value of the capital stock or of the whole capital authorized by the charter. The defendant interposed a demurrer, assigning numerous causes which need not be separately mentioned. The demurrer was sustained and the cause dismissed.

*Calhoon & Green*, for appellant.

In view of *State* v. *Adler*, 68 Miss., 487, we cannot complain of the action of the court on the first count.

In favor of the second count, we submit that the latter clause of § 498 of the code is in the nature of a penalty fixed for the failure to render the assessment, and as such the charge is certain, and no assessment is needed to ascertain the value or liability to taxation. All the authorized capital stock, whether paid in or not, became the basis upon which to calculate the levy. Such a demand cannot properly be called an assessment, since no assessment was needed. *Savings Bank* v. *U. S.*, 19 Wall., 227.

This differs from ordinary cases of escape of property from taxation, since it requires no adjudication by any party or any officer that it is liable to taxation, and at a certain value. Listing on the assessment roll would be but reciting formally matters declared by law. The board of supervisors would be powerless to alter the amount.

We submit this is "public revenue," due under the laws of this state; that it is "delinquent," and that the revenue agent can sue therefor. Laws 1890, p. 25.

*Dabney & McCabe,* for appellee.

Assessment in the manner required by law was necessary to create liability on the part of the appellee. *State* v. *Adler,* 68 Miss., 487. That was a suit for a license fee, an amount easily established as a tax. The reasons apply more strongly where the liability depends on the valuation of the property. See also *Sims* v. *Warren,* 67 *Ib.,* 278; Cooley on Taxation, 258; Hilliard on Taxation, 290, 291; 76 Am. Dec., 529; *State* v. *Piazza,* 66 Miss., 426.

Section 498 of the code was not intended to dispense with assessment. As a penalty for the failure to render the statement, it provides that taxes are to be levied irrespective of actual value. This is a direction to the assessor as to how to assess the property of banks in case they do not make the statement provided for. But, without the assessment there can be no tax and no delinquency.

WOODS, J., delivered the opinion of the court.

To reverse the judgment of the court below, it will be necessary for us to hold that the revenue agent may sue for taxes due from a delinquent tax-payer on property subject to taxation, which taxes, though required to be assessed in the usual method by the ordinary officer and put upon the assessment-rolls, have never been so assessed or so placed on the rolls.

The recovery is sought for taxes alleged to be due on prop-

erty which, as is charged by the declaration, has escaped taxation. The property, on the averments of the complaint, should have been placed upon the assessment-roll as directed in § 498, code of 1880. If there was such failure on the part of the president and cashier of the bank as is denounced in the said section, then the whole capital stock authorized by the charter should have been assessed by the ordinary officer charged with that duty in the usual method.

Though the revenue agent may not collect—the property never having been assessed—yet the loss alleged to have been sustained by the state by reason of the dereliction of the tax-assessor, if such there was, may now be recovered by suit on the delinquent officer's bond. The remedies provided by law are ample to protect the interests of the state from detriment, if the law be only executed in accordance with its plain requirements.

Bearing in mind what we have already said in the case of the *State* v. *Thibodeaux, ante,* p. 92, further remark will appear to be superfluous.

*Affirmed.*